**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAMMIE RAYLENE HILLIARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-424-BMJ |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Kammie Raylene Hilliard, seeks judicial review of the Social Security Administration's denial of her applications for disability insurance benefits (DIB) and supplemental security income (SSI). The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 16], and both parties have briefed their positions.[1] For the reasons set forth below, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.      Procedural Background**

On February 23, 2016, an Administrative Law Judge (ALJ) issued an unfavorable decision finding Plaintiff was not disabled and, therefore, not entitled to DIB or SSI. AR 20-33. The Appeals Council denied Plaintiff's request for review. *Id.* at 1-4. Accordingly, the ALJ's decision constitutes the Commissioner's final decision. *See Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff timely commenced this action for judicial review.

---

[1] Citations to the parties' briefs reference the Court's ECF pagination.

## II. The ALJ's Decision

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (explaining process); *see also* 20 C.F.R. §§ 404.1520, 416.920. Following this process, the ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2007, and had not engaged in substantial gainful activity since February 20, 2003, her alleged onset date. AR 22.

At step two, the ALJ determined Plaintiff suffers from the following severe impairments: obesity, degenerative disc disease, degenerative joint disease of the right hip, high blood pressure, generalized anxiety disorder, organic brain disorder with associated migraines, mild cognitive disorder, and an affective disorder. *Id*. at 22-23. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* at 23-24.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding that:

> [Plaintiff can] perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except [Plaintiff] is able to carry out simple instructions but not detailed instructions; needs to be employed at a low stress job that only occasionally requires decision making or has changes in the work setting; and can only occasionally have interaction with the public, coworkers, or supervisors.

*Id.* at 24.

At step four, relying on a vocational expert's (VE) testimony, the ALJ determined Plaintiff is able to perform her past relevant work as a spot welder and mail sorter. *Id.* at 31. The ALJ proceeded to make an alternative step-five finding and, relying on the VE's testimony, found Plaintiff can perform other work existing in significant numbers in the national economy. *Id.* at 31-32. Specifically, the ALJ found Plaintiff can perform the requirements of representative jobs

2

such as housekeeper, hand packager, and car attendant. *Id.* at 32. Therefore, the ALJ concluded that Plaintiff is not disabled for purposes of the Social Security Act. *Id.* at 33.

**III.     Claims Presented for Judicial Review**

Plaintiff alleges the ALJ erred in: (1) failing to provide Plaintiff with a full and fair hearing; (2) failing to develop an adequate record; (3) determining that Plaintiff was not fully credible; and (4) making step-four and step-five findings that were not supported by substantial evidence. Pl.'s Br. [Doc. No. 20] at 11-33. The Court agrees that the ALJ's findings at step four and step five were not supported by substantial evidence, thus remand is warranted. Because Plaintiff's other assertions of error may be affected by the ALJ's treatment of the case on remand, the Court does not reach these arguments.

**IV.     Standard of Review**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009); *see also Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (holding that the court only reviews an ALJ's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied" and in that review, "we neither reweigh the evidence nor substitute our judgment for that of the agency" (citations and internal quotation marks omitted)). Under such review, "common sense, not technical perfection, is [the Court's] guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

**V.     Analysis**

   **A.     Conflict between DOT and VE testimony**

Plaintiff contends the VE's testimony is inconsistent with information in the Dictionary of Occupational Titles (DOT). It is well established that an ALJ has a duty to determine whether a

3

VE's testimony is consistent with information in the DOT. *Haddock v. Apfel*, 196 F.3d 1084, 1089, 1091 (10th Cir. 1999). If the ALJ fails this duty and there is an unresolved conflict between the VE's testimony and the DOT, the testimony cannot constitute substantial evidence to support a determination of non-disability. *Id*. at 1091; *see also Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

At issue in this case is the reasoning levels set forth in the pertinent DOT definitions. The DOT defines occupations, in part, by the reasoning level required to perform the occupation. Reasoning levels describe a job's requirements regarding understanding instructions and dealing with variables. The levels range from 1 to 6, with 1 being the simplest and 6 the most complex. *See* DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702; *see also Brookbank v. Berryhill*, No. CV 17-142 CG, 2017 WL 5612554, at *3 (D.N.M. Nov. 21, 2017).

Plaintiff contends that the ALJ's step-four decision is not supported by substantial evidence because there is an unexplained conflict between Plaintiff's abilities, as determined in the RFC, and Plaintiff's past relevant work as a spot welder and a mail sorter, as those jobs are defined in the DOT. *See* Pl.'s Br. at 24-28 (citing DOT 819.685-010 (spot welder), 1991 WL 681628 (4th rev. ed. 1991); DOT 209.687-026 (mail sorter), 1991 WL 671813). Specifically, Plaintiff asserts that the DOT definition for the occupation of spot welder requires a reasoning level of 2 while the definition for mail sorter requires a reasoning level of 3, and that both of those reasoning levels conflict with the RFC assessment that Plaintiff can carry out only "simple instructions, but not detailed instructions." *Id.* at 26-28. Thus, contends Plaintiff, before the ALJ could accept and rely on the VE's testimony, the ALJ was obligated to ask the VE to explain the apparent conflict between an inability to perform detailed instructions and the reasoning requirements. *Id.*; *see also Hackett*, 395 F.3d at 1175 ("[B]efore an ALJ may rely on expert vocational evidence as substantial

4

evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the . . . requirement[s] of identified jobs corresponds with the [DOT], and elicit a reasonable explanation for any discrepancy on this point." (citation and internal quotation marks omitted)).

For the same reasons, Plaintiff contends that the ALJ's alternative step-five decision is not supported by substantial evidence. At step five, the ALJ relied upon VE testimony to find that Plaintiff could perform requirements of occupations such as housekeeper, hand packager, and car attendant, as those jobs are defined in the DOT. AR 32. The DOT definition for each of these occupations requires a reasoning level of 2, which Plaintiff asserts conflicts with the RFC assessment that Plaintiff can carry out only "simple instructions, but not detailed instructions." Pl.'s Br. at 28-31 (citing DOT 323.687-010 (housekeeper), 1991 WL 672782; DOT 920.587-018 (hand packager), 1991 WL 687916; DOT 920.687-014 (cart attendant), 1991 WL 687964).[2]

### 1. Plaintiff's RFC is inconsistent with level 3 reasoning

The DOT states that level 3 reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and d]eal with problems involving several concrete variables in or from standardized situations." DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702; *see also* DOT 209.687-026 (mail sorter), 1991 WL 671813. The Tenth Circuit has held that there is a conflict between level 3 reasoning and an RFC limitation to simple instructions. *Paulek v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016). As such, the Court finds there was a conflict between the VE's testimony that Plaintiff could perform her past work as a mail sorter and the DOT requirements of that job.

---

[2] The ALJ used the occupational title "car attendant"; however, the DOT description indicates that the title likely should have been "cart attendant." *Compare* AR 32, *with* DOT 920.687-014, 1991 WL 687964.

Because the ALJ did not "'investigate and elicit a reasonable explanation'" for this conflict, the VE's testimony does not provide substantial evidence to support the ALJ's determination at step four. *See id.* (quoting *Haddock*, 196 F.3d at 1091); *see also* AR 60 (ALJ did not ask the VE whether there was any conflict between her testimony and the DOT, or seek explanations for any conflicts).

### 2. Plaintiff's RFC is inconsistent with level 2 reasoning

Conflict with the requirements of one occupation does not, in and of itself, require a remand because the ALJ additionally relied upon another occupation at step four, as well as three occupations at step five. *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (recognizing that the Tenth Circuit has "held an ALJ's erroneous inclusion of some jobs to be harmless error where there remained a significant number of other jobs in the national economy"); *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009) (upholding ALJ's reliance on VE testimony where, even assuming two of the three jobs relied upon by the ALJ were erroneous, substantial evidence showed claimant could do the third job, which existed in significant numbers in the national economy). As set forth above, however, Plaintiff asserts that the ALJ's reliance upon these jobs was also erroneous.

The DOT states that level 2 reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations." DOT App. C (Components of the Definition Trailer), § III, 1991 WL 688702. The second of Plaintiff's past relevant occupations requires a reasoning level of 2, as does each of the three jobs identified at step 5. DOT 819.685-010 (spot welder), 1991 WL 681628; DOT 323.687-010 (housekeeper), 1991 WL 672782; DOT 920.587-018 (hand packager), 1991 WL 687916; DOT 920.687-014 (cart attendant), 1991 WL 687964. The Tenth Circuit has indicated that a limitation to simple *work* is

consistent with level 2 reasoning. *See Hackett*, 395 F.3d at 1176 (stating that a limitation to simple and routine work tasks "appears more consistent" with level 2 reasoning than with level 3 reasoning); *Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (finding that a limitation to simple, repetitive work was "consistent with the demands of level-two reasoning"). But the Circuit has not determined whether a limitation to simple *instructions* is consistent with level 2 reasoning. *See Paulek*, 662 F. App'x at 594 ("[W]e have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions[.]"). In both *Hackett* and *Paulek*, however, the Tenth Circuit cited with approval to a case in which the Eighth Circuit held that a limitation to simple instructions is inconsistent with both level-2 and level-3 reasoning. *Paulek*, 662 F. App'x at 594 (citing *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997)); *Hackett*, 395 F.3d at 1176 (same). And on its face, the description for a reasoning level of 2 (the ability "to carry out detailed but uninvolved written or oral instructions") conflicts with a limitation to carrying "out simple instructions but not detailed instructions." Because of this readily apparent conflict, the ALJ should have investigated and sought an explanation from the VE, but the ALJ did not. *See* SSR 00-4p, 2000 WL 1898704, at *4 ("If the VE's . . . evidence appears to conflict with the DOT, the [ALJ] will obtain a reasonable explanation for the apparent conflict."); *see also* AR 60 (ALJ did not ask the VE whether there was any conflict between her testimony and the DOT, or seek explanations for any conflicts).[3] Accordingly, the VE's testimony does not provide

---

[3] Relying on unpublished Tenth Circuit cases, Defendant asserts that there is no conflict because reasoning levels and mental RFC "are two very distinct concepts." Def.'s Br. [Doc. No. 24] at 22 n.5 (citing *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013), *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012)). However, the Court has repeatedly rejected this argument when the Commissioner has raised it in other cases. *See, e.g., Collins v. Comm'r of Soc. Sec. Admin.*, CIV-17-0018-HE, 2017 WL 4204036, at *4 (W.D. Okla. Sept. 21, 2017); *Paddelty v. Colvin*, CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016). The Court sees no compelling reason to disagree with these decisions. To this end, the Court continues to be unpersuaded that

substantial evidence to support the ALJ's determination at step four that Plaintiff could perform her past relevant work or the determination at step five that Plaintiff could perform other representative occupations. Remand is therefore required.

### B. Plaintiff's Remaining Points of Error

The Court does not address Plaintiff's other allegations as they "may be affected by the ALJ's treatment of the case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## VI. Conclusion

For the reasons set forth, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED this 8th day of March, 2018.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

there is no relationship between an individual's RFC and the reasoning level listed in the DOT for a particular occupation.